# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**LONNIE J. KAHOE, #2504769**      **CIVIL ACTION**

**VERSUS**      **NO. 22-4579**

**KAREN K. HERMAN, ET AL.**      **SECTION: "L"(1)**

## REPORT AND RECOMMENDATION

Plaintiff, Lonnie J. Kahoe, a state pretrial detainee, filed this federal civil action pursuant to 42 U.S.C. § 1983.[1] He sued Judge Karen K. Herman, Commissioner Jonathan Friedman, former Orleans Parish District Attorney Leon Cannizzaro, current Orleans Parish District Attorney Jason Williams, and Louisiana Attorney General Jeff Landry. This is the most recent of several lawsuits plaintiff has filed concerning his arrests and ongoing state criminal proceedings. See also Kahoe v. Salcedo, Civ. Action No. 22-3110 "I"(2); Kahoe v. Laborde, Civ. Action No. 22-3111 "R"(1); Kahoe v. Williams, Civ. Action No. 22-3150 "G"(4); Kahoe v. Fiol, Civ. Action No. 22-3354 "I"(2). As in his prior lawsuits, he claims that those criminal proceedings are illegal in various respects and that he is being "railroaded" in a "vindictive prosecution."

---

[1] In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

# I.  Mandatory Screening Provisions

Plaintiff filed this action *in forma pauperis*.  Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A.  That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).[2]  Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

---

[2] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915A(c).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted).

Although broadly construing the complaint,[3] the undersigned recommends that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for the following reasons.

## II. Plaintiff's Claims

### A. Judge Karen K. Herman and Commissioner Jonathan Friedman

Plaintiff sued Orleans Parish Criminal District Court Judge Karen K. Herman and Commissioner Jonathan Friedman for the actions they have taken while presiding over aspects of his state criminal proceedings. For the following reasons, his claims against those defendants must be dismissed.

---

[3] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

3

As to any claims asserted against Judge Herman and Commissioner Friedman in their individual capacities, absolute judicial immunity bars those claims. As was thoroughly explained by former United States Magistrate Judge Joseph C. Wilkinson in a Report and Recommendation subsequently adopted by United States District Judge Lance M. Africk:

> For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citing Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646 (1871)); Mays v. Sudderth, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." Ammons v. Baldwin, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); accord Mays, 97 F.3d at 110-11. This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. Stump, 435 U.S. at 356-57; Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), as recognized by Hill v. Shelander, 992 F.2d 714, 716 (7th Cir. 1993); Mays, 97 F.3d at 110-11. Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction. Id. at 111; Dayse v. Schuldt, 894 F.2d 170, 172 (5th Cir. 1990); Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).
>     In the past, however, judicial officers did not enjoy absolute immunity from suits seeking injunctive relief. Relief of that nature was available under Section 1983 against state court judges acting in their judicial capacity. Pulliam v. Allen, 466 U.S. 522, 541-42, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984). However, the Federal Courts Improvement Act of 1996 ("FCIA") amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983.
>     The FCIA therefore statutorily overruled Pulliam's holding regarding the availability of injunctive relief against a state judge in his official capacity. Guerin v. Higgins, No. 00-0244, 2001 WL 363486, at *1 (2d Cir. 2001) (unpublished); Nollet v. Justices, 83 F.Supp.2d 204, 210 (D. Mass. 2000); see also Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (1996 amendment to Section 1983 limits the relief available against a federal judge to declaratory relief). Thus, neither injunctive relief nor damages are available in this Section 1983 action against [a state judicial officer]. Tesmer v. Granholm, 114 F.Supp.2d 603, 618 (E.D. Mich. 2000); Nollet, 83 F.Supp.2d at 210.
>     Furthermore, to whatever extent, if any, that [a plaintiff] seeks an order … directing the judge to take action concerning [the] plaintiff's state court proceedings, a federal court has no power to direct a state court or its judicial

> officers in the performance of their duties when mandamus is the only relief sought. *In re* Campbell, 264 F.3d 730, 731 (7th Cir. 2001); Santee v. Quinlan, C.A. No. 96-3417, Record Doc. Nos. 3, 7, 8 (Nov. 5 & 27, 1996) (Duval, J.), aff'd, 115 F.3d 355, 356-57 (5th Cir. 1997); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Moye v. Clerk, 474 F.2d 1275, 1276 (5th Cir. 1973); Lamar v. 118th Judicial Dist. Court, 440 F.2d 383, 384 (5th Cir. 1971); White v. Stricklin, No. 3:02-CV-688-D, 2002 WL 1125747, at *2 (N.D. Tex. May 23, 2002); Norman v. Louisiana S.Ct., No. 01-2225, 2001 WL 881298, at *1 (E.D. La. Aug. 3, 2001) (Duval, J.). [A federal] court is without authority to order officials of the state court having jurisdiction over [a] plaintiff's criminal case to treat his claims in any particular way or to otherwise interfere with the rulings of its judges.

Hood v. Commissioner Foil, Civ. Action No. 15-5853, 2013 WL 6174614, at *3 (E.D. La. Nov. 21, 2013); accord Gemelli v. Louisiana, Civ. Action No. 19-13424, 2020 WL 3317033, at *6-7 (E.D. La. Apr. 29, 2020), adopted, 2020 WL 3297078 (E.D. La. June 18, 2020), appeal dismissed, No. 20-30426, 2021 WL 7953176 (5th Cir. Oct. 13, 2021).

Plaintiff does not indicate whether he is also asserting claims against Judge Herman and Commissioner Friedman in their official capacities. However, even if that was his intention, such official-capacity claims would in reality be claims against the state itself – and, as such, they would be barred by the Eleventh Amendment. See Rackley v. Louisiana, Civ. Action No. 07-504, 2007 WL 1792524, at *3 (E.D. La. June 21, 2007) (holding that the Eleventh Amendment bars official-capacity claims against a state court judge); see also Walker v. Normand, Civil Action No. 14-835, 2014 WL 4072099, at *1 (E.D. La. July 14, 2014) (holding that the Eleventh Amendment bars official-capacity claims against a state court commissioner), adopted, 2014 WL 4072103 (E.D. La. Aug. 14, 2014).

Accordingly, for all of these reasons, plaintiff's § 1983 claims against Judge Herman and Commissioner Friedman should be dismissed. If plaintiff is aggrieved by the rulings of those

5

judicial officers, his recourse is to seek review of their rulings in the state courts – not to file a federal civil rights lawsuit against them in federal court.

### B.  Former Orleans Parish District Attorney Leon Cannizzaro and Current Orleans Parish District Attorney Jason Williams

Plaintiff's individual-capacity claims against former Orleans Parish District Attorney Leon Cannizzaro and current Orleans Parish District Attorney Jason Williams fare no better, because such claims against district attorneys for actions taken in state criminal proceedings are barred by absolute prosecutorial immunity.  As the United States Fifth Circuit Court of Appeals has explained:

> A prosecutor is absolutely immune for initiating and pursuing a criminal prosecution, for actions taken in her role as advocate for the state in the courts, or when her conduct is intimately associated with the judicial phase of the criminal process. …
> … Our decisions applying those of the Supreme Court make clear that prosecutors enjoy absolute immunity for acts taken to initiate prosecution, and that this absolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently.

Loupe v. O'Bannon, 824 F.3d 534, 539 (5th Cir. 2016) (citations, quotation marks, and brackets omitted).

Absolute prosecutorial immunity is therefore sweepingly broad.  "[T]he Fifth Circuit has held prosecutors absolutely immune for actions ranging from withholding exculpatory evidence, disobeying discovery orders, and fabricating evidence, to charging without probable cause pursuant to a constitutionally deficient indictment, and committing prosecutorial misconduct." Willis v. Bastrop County, No. A-18-CV-0093, 2019 WL 252051, at *5 (W.D. La. Jan. 17, 2019) (citing Green v. Texas Government, 704 F. App'x 386, 386-87 (5th Cir. 2017)), adopted, 2019 WL 2572538 (W.D. Tex. Feb. 11, 2019).  Simply put:  Where, as here, a plaintiff is challenging a

prosecutor's actions "intimately associated with the judicial phase of the criminal process," his civil claims must fail because the prosecutor's actions are ones to which "absolute immunity appl[ies] with full force." Imbler v. Pachtman, 424 U.S. 409, 430 (1976).[4]

Further, to the extent, if any, that plaintiff is perhaps attempting to hold Cannizzaro and Williams vicariously liable for the actions of their subordinate Assistant District Attorneys, that simply is not permissible in a § 1983 action. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) ("In a § 1983 suit ... – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); Sanchez v. Young County, 866 F.3d 274, 281 (5th Cir. 2017) ("Supervisors cannot be held liable for constitutional violations … if they had no personal involvement."); Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability.").

Lastly, if plaintiff is attempting to assert official-capacity claims against Cannizzaro and Williams, no such official-capacity claims have been properly pled. The United States Fifth Circuit Court of Appeals has noted:

> For purposes of "official capacity" suits under § 1983, the district attorney's office resembles other local government entities. Therefore, we advert to the

---

[4] The United States Supreme Court has opined:

> To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest. It would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system. Moreover, it often would prejudice defendants in criminal cases by skewing post-conviction judicial decisions that should be made with the sole purpose of insuring justice.

Imbler, 424 U.S. at 427-28 (1976) (footnote omitted).

> Supreme Court's development of principles for determining whether a municipality or other local government entity should be held liable under 42 U.S.C. § 1983 for the constitutional tort of its employee.

Burge v. Parish of St. Tammany, 187 F.3d 452, 470 (5th Cir. 1999). The Fifth Circuit has further held:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official copy or custom.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993). Rather, he must identify the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 F. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 F. App'x 315, 316 (5th Cir. 2003).

In the instant case, plaintiff does not allege that the purported violations here stemmed from an official policy or custom, much less identify such a policy or custom. Therefore, no official-capacity claims have been properly stated against these defendants. See, e.g., Dantin v. Larose, Civ. Action No. 18-11233, 2018 WL 7499824, at *2 (E.D. La. Dec. 28, 2018), adopted, 2019 WL 969990 (E.D. La. Feb. 28, 2019).

### C.  Louisiana Attorney General Jeff Landry

Plaintiff alleges that Attorney General Landry signed the paperwork to have plaintiff extradited to Louisiana from Georgia in 2019. He complains that Landry signed the paperwork

8

based solely on the representations made by an Orleans Parish Assistant District Attorney, without first independently investigating the underlying facts of the case.

Even if such allegations are actionable under § 1983, and even if Landry would not be immune for his actions in the extradition (a proposition which appears to be at least questionable[5]), any individual-capacity claims against Landry based on his actions in 2019 are prescribed for the following reasons.

The United States Fifth Circuit Court of Appeals has held:

> The statute of limitations for Section 1983 claims is "the forum state's personal-injury limitations period," which in Louisiana is one year. Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998). "In applying the forum state's statute of limitations, the federal court should also give effect to any applicable tolling provisions." Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993). However, federal law governs when a Section 1983 claim accrues. Jacobsen, 133 F.3d at 319. This court has stated that "[u]nder federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Gartrell, 981 F.2d at 257. As a result, the limitations period begins "when the plaintiff is in possession of the 'critical facts that he has been hurt and who has inflicted the injury.'" Id. (quoting Lavellee v. Listi, 611 F.2d 1129, 1130 (5th Cir. 1980)).

Smith v. Regional Transit Authority, 827 F.3d 412, 421 (5th Cir. 2016) (emphasis added).

Here, Landry's alleged actions occurred in 2019, and plaintiff alleges that he first learned that Landry's actions were wrongful "during my SHORT release on bond 2020."[6] Therefore, regardless of whether this claim accrued in **2019** when the extradition papers were signed or in **2020** when plaintiff concedes he discovered the purported wrongfulness of Landry's actions, more than one year then elapsed from accrual until the time this lawsuit was filed in November of **2022**.[7]

---

[5] See Gatheright v. Barbour, Civ. Action No. 3:16-CV-00003, 2017 WL 507603, at *9 (N.D. Miss. Feb. 6, 2017), aff'd, 706 F. App'x 193 (5th Cir. 2017).
[6] Rec. Doc. 1, p. 12.
[7] Because plaintiff is a *pro se* prisoner, his complaint is "deemed filed as of the date that he duly submitted it to prison authorities for forwarding to the clerk of court." Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). In the instant

9

Accordingly, under either scenario, the claim was already prescribed at the time of filing.[8] Prescribed claims are properly dismissed as frivolous. See, e.g., Brown v. Pool, 79 F. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *2 (E.D. La. July 25, 2008).

To the extent, if any, plaintiff is asserting an official-capacity claim against Landry, that claim is likewise prescribed for the same reason. However, in any event, it fails for another reason as well: official-capacity claims against the Louisiana Attorney General are barred by the Eleventh Amendment. Bouchgl v. Tonti Management Co., L.L.C., Civ. Action No. 20-2302, 2021 WL 40188, at *3 (E.D. La. Jan. 5, 2021).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

---

case, that date is not apparent from the record; however, it obviously was no earlier than the date on which he signed the complaint. See, e.g., Smith v. Tanner, Civ. Action No. 18-3719, 2018 WL 6204617, at *6 (E.D. La. Nov. 11, 2018), adopted, 2018 WL 6199974 (E.D. La. Nov. 27, 2018). Plaintiff signed his complaint on November 10, 2022. Rec. Doc. 1, p. 14.

[8] The Court is, of course, aware that the limitations period is suspended while an inmate exhausts his administrative remedies concerning his claims. See, e.g., Madis v. Edwards, 347 F. App'x 106, 108 (5th Cir. 2009); Harris v. Hegmann, 198 F.3d 153, 158-59 (5th Cir. 1999). Here, however, plaintiff indicates that he did not pursue any such administrative remedies. See Rec. Doc. 1, p. 4.

result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

    New Orleans, Louisiana, this   23rd   day of      November     , 2022.


                                                              **JANIS VAN MEERVELD**
                                                              **UNITED STATES MAGISTRATE JUDGE**